IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. DKC-24-322 |
| | : | |
| HENRY WHITTINGHAM, | : | |
| | : | |
| Defendant. | : | |

## MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRIOR CONVICTIONS

Defendant Henry Whittingham ("Mr. Whittingham"), by and through his counsel, John M. McKenna, and Brennan, McKenna & Lawlor, Chtd., respectfully submits the following Motion *in Limine* to Exclude Evidence of Prior Convictions.

I.   **Factual and Procedural Background**

Shortly after 2 a.m. on May 29, 2024, Henry Whittingham was subject to a warrantless arrest by members of the Prince George's County Police Department. The Government alleges that Mr. Whittingham ran from police officers who had responded to a parking lot outside of a bar where a number of individuals were congregated. The Government further alleges that one of the officers who chased Mr. Whittingham recovered a firearm from the ground. Mr. Whittingham was initially charged with offenses arising out of this arrest in the District Court of

1

Maryland for Prince George's County and later the Circuit Court for Prince George's County.

On October 17, 2024, the Government filed a Criminal Complaint in this Court. (ECF No. 1.) On October 21, 2024, Mr. Whittingham made his initial appearance. On October 31, 2024, the Government filed a one-count Indictment charging Mr. Whittingham with unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 12.) The Indictment alleges that on or about May 29, 2024, Mr. Whittingham unlawfully possessed a Fabrinor Model Firestore .45 caliber pistol and approximately five rounds of .45 caliber ammunition. On December 17, 2025, Judge Griggsby, the then-assigned trial judge, issued an Amended Pre-Trial Scheduling Order (ECF No. 54) setting jury selection in this matter for March 2, 2026 with the trial itself set to begin on March 3, 2026. On January 15, 2026, this case was reassigned to Judge Chasanow.

Consistent with the operative scheduling order, on January 14, 2026, the Government provided to Mr. Whittingham its 404(b) Notice. *See* Ex. A. In the Notice, the Government states its intent to introduce the following three prior convictions and attendant sentences either as intrinsic evidence of the charged

offense or under Rule 404(b). The Government further claims that this same evidence is admissible under Rule 609 should Mr. Whittingham testify at trial.

> Dear Mr. McKenna:
>
> I write under Federal Rules of Evidence 404(b) and 609, *e.g.*, to give you and your client, Defendant Henry Tafari Whittingham, notice that the government intends to introduce at trial evidence such as the following. This evidence is generally intrinsic to the charged crime but the government provides this notice out of an abundance of caution.
>
> - On April 7, 2006, the Defendant pleaded guilty to transport, wear, or carry of a handgun on a roadway and on April 11, 2006, the Defendant was sentenced to two years, with all but six months suspended, and to two years of supervised probation. USA_0132 – USA_0143.
>
> - On August 1, 2008, the Defendant pleaded guilty to first-degree assault and on November 7, 2008, the Defendant was sentenced to ten years, all but two years suspended, and to two years of supervised probation. USA_0144 – USA_0155.
>
> - On January 5, 2010, the Defendant pleaded guilty to second-degree murder ("Count One") and use of a handgun in commission of a crime of violence ("Count Two") and on January 22, 2010, the Defendant was sentenced on Count One to thirty years, all but ten years suspended and on Count Two to twenty years, all but ten years suspended, to run consecutive to Count One. USA_0156 – USA_0170. The Defendant was also sentenced to five years of supervised probation. *Id.*

For the reasons set forth below, the Court should exclude the proffered evidence under Rules 404(b) and 609. Moreover, in light of Mr. Whittingham's intention to enter into a stipulation under *Old Chief v. United States*, 519 U.S. 172 (1997), the Court should exclude further evidence of Mr. Whittingham's criminal history under Rule 403.

## II. Legal Standard

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Hunt Valley Baptist Church, Inc. v. Baltimore Cty.,*

*Maryland*, No. CV ELH-17-804, 2018 WL 2717834, at *7 (D. Md. June 6, 2018). "Such motions are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). Motions *in limine* further promote judicial efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial, "just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996). *See also United States v. Wall*, No. CR SAG-19-0500, 2022 WL 1268061, at *1 (D. Md. Apr. 28, 2022) (noting that motions *in limine* allow courts to "streamline" cases).

### III. In Light of Mr. Whittingham's Intention to Enter into an *Old Chief* Stipulation, The Court Should Exclude Further Evidence of His Criminal History

Mr. Whittingham is charged with unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). "To establish the crime of being a felon in possession of a firearm, the Government must prove: (1) the defendant was previously convicted of a felony, (2) the defendant knew he was a felon, (3) the defendant knowingly possessed the firearm, and (4) the possession was in or affecting commerce." *United States v. Robertson*, 68 F.4th 855,

862 (4th Cir. 2023). Mr. Whittingham intends to stipulate that as of May 29, 2024, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that he knew he had been so convicted, and that his civil rights had not been restored. Consistent with *Old Chief v. United States*, 519 U.S. 172 (1997), the Court should preclude the Government from offering additional evidence of Mr. Whittingham's criminal history.[1]

## IV.  The Proffered Evidence is Inadmissible under Rule 404(b)

Federal Rule of Evidence 404(b) governs the admissibility of other crimes, wrongs, or acts. Rule 404(b)(1) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b)(2) sets forth certain permissible purposes for such evidence: "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(3) establishes notice requirements with which the Government must comply in a criminal case: "In a criminal case, the prosecutor must: (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the

---

[1] Given the anticipated stipulation, the Court should reject the Government's contention that the proffered evidence is admissible as intrinsic to the charged offense.

defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice."

As an initial matter, the Government's 404(b) notice is deficient. First, while the Government has provided in discovery certain Maryland state court documents related to the three prior convictions, the Government has not identified which, if any, of those documents it intends to introduce into evidence.[2] Nor has the Government identified the witness or witnesses through whom it would seek to introduce evidence of the prior convictions. By merely listing the *factual contentions* the Government seeks to introduce under 404(b), the Government has failed to provide "reasonable notice" of the "*evidence*" it intends to offer as required under Rule 404(b)(3)(A). More importantly, the Government has failed to "articulate in the notice the permitted purpose for which" it "intends to offer the evidence and the reasoning that supports the purpose." Rule 404(b)(3)(B). The Government's Notice provides no information at all about the 404(b) purpose for which it seeks to introduce the proffered evidence. And the Notice sets forth no reasoning in support

---

[2] Some of the documents identified by Bates number in the Government's Notice consist of District Court of Maryland charging documents, which are themselves accompanied by testimonial hearsay narratives of law enforcement officers. These documents are clearly inadmissible.

of the admissibility of the prior convictions under Rule 404(b). Mr. Whittingham should not be required to guess at the Government's theory of admissibility. The Notice is plainly insufficient. The Court should therefore preclude the Government from offering any of the proffered evidence under Rule 404(b).

On its merits (as best Mr. Whittingham can discern them), the Government's request to admit 404(b) evidence likewise fails. The Fourth Circuit has established a four-factor test that must be satisfied before a court may properly admit evidence of other crimes, acts, or wrongs under Rule 404(b):

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997); *see also, e.g.*, *United States v. Almonor*, No. 24-4022, 2025 U.S. App. LEXIS 32821, at *11 (4th Cir. Dec. 16, 2025).

Under this standard, the proffered prior convictions are inadmissible. In this case, it is clear that the Government intends to pursue a theory of actual, *not* constructive, possession. The Government's theory is that Mr. Whittingham actually possessed and then discarded a firearm as he ran from the police on May 29, 2024.

No juror could rationally conclude that Mr. Whittingham discarded the firearm and at the same time conclude that he did not know that the object was a firearm. Accordingly, this is not a case in which evidence of a defendant's prior convictions for conduct involving the possession of a firearm should be admitted as evidence of purported knowledge or lack of mistake. *See, e.g. United States v. Linares*, 367 F.3d 941, 947 (D.C. Cir. 2004) (Tatel, J.) (holding that the government should not be permitted "to introduce 404(b) evidence to prove an element that the government's evidence has, by completely precluding an acquittal based on the failure to prove that element, effectively (though not formally) eliminated.").

Considered individually, each prior conviction is inadmissible under Rule 404(b). In Prince George's County Circuit Court case number CT060028X, on April 7, 2006, Mr. Whittingham pled guilty to the Maryland state misdemeanor offense of transporting a handgun on a public road, in violation of Md. Code Ann., Crim. Law § 4-203. That same day, Mr. Whittingham was sentenced to two years of imprisonment with all but six months suspended. The materials provided in discovery do not contain information concerning the facts underlying the conviction. While the Government has provided a copy of the court summary for this case as well as the attendant probation order, the District Court of Maryland documents found at Bates USA_0139 appear to relate to a different matter. From public records, it appears that this conviction relates to the matter that originated as case number

3E00284413 in the District Court of Maryland for Prince George's County. The date of the offense in that case was September 22, 2005. The 2006 conviction relates to conduct that occurred *more than 18 years before* the conduct giving rise to this case, a factor that "weighs heavily against a finding of relevance." *United States v. Hoggard*, No. 3:24cr66, 2025 U.S. Dist. LEXIS 16358, at *4 (E.D. Va. Jan. 29, 2025) (excluding under Rule 404(b) evidence of conviction premised on conduct that occurred 16 years before conduct in question in pending criminal case). This conviction is exceedingly stale and has no probative value in this case.

The behavior at issue in the 2006 conviction also appears to be highly dissimilar to the conduct alleged the case before this Court. This case does not involve a traffic stop. This does not involve recovery of the firearm from a vehicle. The statute of conviction in the 2006 matter imposes a rebuttable presumption that a person who transports a handgun does so knowingly. But the statue at issue in this case imposes no such presumption. The Government has set forth no theory of admissibility as to the 2006 conviction. The Court should also consider the staleness of this conviction next to the substantial risk of unfair prejudice attendant to its admission at trial. As Chief Judge Boasberg of the United States District Court for the District of Columbia recently held, "[t]he jury may give undue weight to an old conviction and impermissibly infer that [the defendant] is the type of person who possesses firearms unlawfully." *United States v. Fairnot*, No. 23-24 (JEB), 2025

9

U.S. Dist. LEXIS 255859, at *13 (D.D.C. Dec. 10, 2025) (excluding under Rules 404(b) and 403 a defendant's 2005 conviction for being a felon in possession of a firearm).

With respect to Mr. Whittingham's 2008 conviction for the Maryland felony offense of first-degree assault, the records provided in discovery indicate that on August 1, 2008, Mr. Whittingham pled guilty in the Circuit Court for Prince George's County to the Maryland offense of first-degree assault. On November 7, 2008, Mr. Whittingham was sentenced to 10 years of imprisonment with all but 2 years suspended. Records further indicate that the conduct at issue in that case occurred on January 12, 2008. The District Court of Maryland charging document alleges that Mr. Whittingham pointed a rifle at a tow truck driver because he was upset that his friend's vehicle was being towed. Again, the conduct at issue in this prior case is stale. It occurred more than *16 years* before the conduct charged in the instant case. The conduct at issue in the assault case is also dissimilar to the conduct at issue here. The 2008 assault case involved a rile. The firearm at issue here, according to the Indictment, is a pistol. The 2008 case involved allegations of violence. That factor is absent from this case. The 2008 case involves conduct (an armed assault) that is far "more sensational [and] disturbing than the" nonviolent allegations in this case. *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995). Given the disparity in the seriousness of the conduct at issue as well as the staleness

of the prior conviction, there is a substantial risk of unfair prejudice to Mr. Whittingham if evidence of this conviction is admitted at trial  And again, the Government has provided no specific theory of admissibility with respect to the 2008 conviction.

   Lastly, the Court should exclude evidence of Mr. Whittingham's 2010 convictions (in one case number) for the Maryland offenses of second-degree murder and use of a handgun in the commission of a felony. The conduct at issue in this case dates back to *November 1, 2007*. In other words, the conduct predates the first-degree assault at issue in the 2008 case. The conduct is stale. For the reasons set forth above, the staleness of this previous conduct negates any probative value. The nature and circumstances of the prior homicide case are far different from those at issue in the case before this Court. The Government has not articulated any theory of admissibility as to this prior conviction under Rule 404(b). Additionally, evidence that Mr. Whittingham previously pled guilty to murder, among the most serious of offenses, is highly inflammatory. The prior conduct is far more disturbing than the possessory offense charged in this case. The case before this Court involves no allegations of the discharge of a firearm or death. There is a serious risk that the jury will give undue weight to the nature of the prior homicide conviction and conclude that Mr. Whittingham is a violent person who must be guilty of the instant offense.

The Government's request to admit evidence of the specifics of dissimilar convictions dating back 16-18 years in this felon in possession case amounts to an attempt to obtain a conviction on the basis of impermissible propensity evidence. The Government seeks to have the jury conclude that Mr. Whittingham has a propensity to possess firearms, that he has a violent disposition, that that these character traits date back *decades*. None of this evidence is relevant to any matter to be decided by the jury in this case. There is no permissible purpose for the admission of this evidence under Rule 404(b). And even if there were some limited probative value (as to which the Government's notice is silent) to some permutation of the evidence, any such probative value is substantially outweighed by the danger that the jury will vote to convict on an impermissible basis. The Court should therefore exclude the proffered evidence under Rule 404(b).

V. **The Prior Convictions are not Admissible for Impeachment Purposes under Rule 609**

These prior convictions are likewise inadmissible for impeachment purposes under Rule 609 should Mr. Whittingham elect to testify at trial. With respect to the 2006 and 2008 convictions, Rule 609(b) applies because more than 10 years have elapsed since Mr. Whittingham's conviction and release from custody in those matters. Accordingly, each of those convictions is admissible for impeachment purposes *only* if: "(1) its probative value, supported by specific facts and

circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b). The Government has identified *no facts and circumstances* demonstrating that any probative value for impeachment substantially outweighs the prejudicial effect of evidence of these dated convictions. The convictions do not involve crimes of dishonestly. And they are stale. These convictions are irrelevant to Mr. Whittingham's credibility.

Rule 609(a)(1)(B) governs the admissibility of the 2010 convictions. However, any minimal probative value of the murder and handgun use convictions in assessing Mr. Whittingham's credibility is far outweighed by the prejudicial effect of the convictions. The 2007 conduct at issue in the 2010 convictions is dated. The conduct does not involve crimes of dishonesty. The nature of the prior convictions – murder with a firearm – is inflammatory and far more serious than the conduct charged in this case. There is a substantial risk that a jury hearing evidence that Mr. Whittingham was previously convicted of murder and use of a handgun during the same will use that evidence not to evaluate his credibility but instead to infer that he is a bad and dangerous person who deserves further punishment. For these reasons, the Court should not permit the Government to impeach Mr. Whittingham with evidence of these three prior convictions should he elect to testify at trial.

## CONCLUSION

For the foregoing reasons, the Court preclude the Government from offering any evidence of Mr. Whittingham's prior criminal history with the exception of the anticipated stipulation.

Respectfully submitted,

_____/s/_____
John M. McKenna
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044
jmckenna@brennanmckenna.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2026, the foregoing was served on all parties via ECF.

_____/s/_____
John M. McKenna